**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| EDWARD SWEAT, and MARIE GARZA-SWEAT individually and on behalf of a class of similarly situated individuals, | § § § § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:24-cv-00775 |
| | § | |
| HOUSTON METHODIST HOSPITAL, | § § | |
| Defendant. | § | |
| | § | Assigned to Hon. Lee H. Rosenthal |

**HOUSTON METHODIST'S ANSWER TO AMENDED COMPLAINT**

Defendant The Methodist Hospital d/b/a Houston Methodist Hospital ("Houston Methodist") answers the Amended Complaint of Edward Sweat and Marie Garza-Sweat ("Plaintiffs"), through undersigned counsel as set forth below. Houston Methodist generally denies the legal claims asserted in Plaintiffs' March 29, 2024 First Amended Class Action Complaint, ECF No. 6 (the "Complaint" or "FAC").

Pursuant to the Court's June 6, 2024 order, ECF No. 28, Houston Methodist understands that it is required to answer only the allegations that survived Houston Methodist's motion to dismiss—that is, Plaintiffs' unjust enrichment and Electronic Communications Privacy Act claims. Thus, the following answer should not be considered a waiver of any grounds with respect to Plaintiffs' invasion of privacy claim, which has been dismissed by the Court. Houston Methodist reserves the right to supplement or amend this answer.

**RESPONSE TO NUMBERED PARAGRAPHS**

Except to the extent specifically admitted herein, Houston Methodist denies each and every allegation contained in the Complaint, including all allegations contained in headings or otherwise

not contained in one of the Complaint's 194 numbered paragraphs. Houston Methodist generally denies the legal claims asserted in the Complaint and responds to the Complaint's numbered paragraphs as follows.

1. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 and on that basis, denies the allegations in Paragraph 1.

2. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and on that basis, denies the allegations in Paragraph 2.

3. Houston Methodist admits the allegations in Paragraph 3.

4. Houston Methodist denies Paragraph 4 on the basis that it consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Houston Methodist does not dispute federal subject matter jurisdiction.

5. Houston Methodist denies Paragraph 5 on the basis that it consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, Houston Methodist does not dispute that venue is proper in this Court.

6. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 and on that basis, denies the allegations in Paragraph 6.

7. Houston Methodist admits that its hospitals provide healthcare services in Houston, Texas. Houston Methodist further admits that, in 2023, it received approximately 2.23 million patient encounters across its hospitals and, in 2022, generated over $12 billion in gross patient revenues. Houston Methodist admits that it is a large and trusted healthcare provider in Texas and

one of the largest medical systems in Texas. Houston Methodist denies the remainder of Paragraph 7.

8. Houston Methodist states that the contents of its website houstonmethodist.org speak for themselves. Houston Methodist admits that its website provides information of use to patients and potential patients, including on locating treatment facilities, searching for physicians, and providing information for the purpose of booking an appointment, and provides information about events and classes for healthcare professionals. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the first sentence of Paragraph 8 and on that basis, otherwise denies the allegations in Paragraph 8. Houston Methodist denies the remaining allegations of Paragraph 8.

9. Houston Methodist admits that it used the Meta Pixel tool for a period of time on houstonmethodist.org. Except as expressly admitted, Houston Methodist denies the remaining allegations of Paragraph 9.

10. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and on that basis, denies the allegations in Paragraph 10.

11. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and on that basis, denies the allegations in Paragraph 11.

12. Houston Methodist denies the allegation in Paragraph 12.

13. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 and on that basis, denies the allegations in Paragraph 13.

14. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 and on that basis, denies the allegations in Paragraph 14.

15. Houston Methodist denies that it used the CAPI tool. Houston Methodist admits that it used the Meta Pixel for marketing purposes, and in particular to measure user engagement with its website houstonmethodist.org, including, for example, to track the effectiveness of public health campaigns. Houston Methodist denies that it used the Meta Pixel to bolster its profits. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in Paragraph 15 and on that basis, otherwise denies the allegations in Paragraph 15.

16. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and on that basis, denies the allegations in Paragraph 16.

17. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and on that basis, denies the allegations in Paragraph 17.

18. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and on that basis, denies the allegations in Paragraph 18.

19. Houston Methodist denies Paragraph 19 on the basis that it consists of legal conclusions to which no response is required. Moreover, Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in Paragraph 19 and on that basis, denies the allegations in Paragraph 19.

20. Houston Methodist denies Paragraph 20 on the basis that it consists of legal conclusions to which no response is required.

21. Houston Methodist denies Paragraph 21 on the basis that it consists of legal conclusions to which no response is required.

22. Houston Methodist denies Paragraph 22 on the basis that it consists of legal conclusions to which no response is required.

23. Houston Methodist denies Paragraph 23 on the basis that it consists of legal conclusions to which no response is required.

24. Houston Methodist denies Paragraph 24 on the basis that it consists of legal conclusions to which no response is required.

25. Houston Methodist admits Paragraph 25.

26. Houston Methodist denies Paragraph 26 on the basis that it consists of legal conclusions to which no response is required.

27. Houston Methodist denies Paragraph 27 on the basis that it consists of legal conclusions to which no response is required.

28. Houston Methodist denies Paragraph 28 on the basis that it consists of legal conclusions to which no response is required.

29. Houston Methodist denies Paragraph 29 on the basis that it consists of legal conclusions to which no response is required.

30. Houston Methodist denies Paragraph 30 on the basis that it consists of legal conclusions to which no response is required.

31. Houston Methodist denies Paragraph 31 on the basis that it consists of legal conclusions to which no response is required.

32. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and on that basis, denies the allegations in Paragraph 32.

33. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and on that basis, denies the allegations in Paragraph 33.

34. Houston Methodist states that Facebook's website speaks for itself. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and on that basis, denies the allegations in Paragraph 34.

35. Houston Methodist states that Facebook's website speaks for itself. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 and on that basis, denies the allegations in Paragraph 35.

36. Houston Methodist states that the Meta Pixel was only installed on, and only transmitted data from, certain webpages of its website houstonmethodist.org. Houston Methodist denies the remainder of the allegations in Paragraph 36 on the basis that it consists of legal conclusions to which no response is required.

37. Houston Methodist states that Facebook's website speaks for itself. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 and on that basis, denies the allegations in Paragraph 37.

38. Houston Methodist states that Facebook's website speaks for itself. Houston Methodist otherwise lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 and on that basis, denies the allegations in Paragraph 38.

39. Houston Methodist states that Facebook's website speaks for itself. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 and on that basis, denies the allegations in Paragraph 39.

40. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 and on that basis, denies the allegations in Paragraph 40.

41. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 and on that basis, denies the allegations in Paragraph 41.

42. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of Paragraph 42 and on that basis, denies the allegations of the first sentence of Paragraph 42. Houston Methodist otherwise denies Paragraph 42 on the basis that it consists of legal conclusions to which no response is required.

43. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 and on that basis, denies the allegations in Paragraph 43.

44. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 and on that basis, denies the allegations in Paragraph 44.

45. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 and on that basis, denies the allegations in Paragraph 45.

46. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 and on that basis, denies the allegations in Paragraph 46.

47. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 and on that basis, denies the allegations in Paragraph 47.

48. Houston Methodist states that Facebook's website speaks for itself. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 and on that basis, denies the allegations in Paragraph 48.

49. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 and on that basis, denies the allegations in Paragraph 49.

50. Houston Methodist states that Facebook's website speaks for itself. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 and on that basis, denies the allegations in Paragraph 50.

51. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 and on that basis, denies the allegations in Paragraph 51.

52. Houston Methodist denies the allegations in Paragraph 52.

53. Houston Methodist admits that The Markup published an article on or around June 16, 2022, referenced in footnote 15 of Paragraph 53, concerning the Metal Pixel. With respect to the remainder of the allegations in Paragraph 53, Houston Methodist lacks personal knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations and on that basis, denies the remainder of the allegations in Paragraph 53.

54. Houston Methodist admits that The Markup published an article on or around June 16, 2022, referenced in footnote 15 of Paragraph 53, concerning the Metal Pixel. Paragraph 54 summarizes allegations from The Markup article, which speaks for itself and to which no response is required. To the extent a response is deemed necessary, Houston Methodist admits that it used the Meta Pixel on houstonmethodist.org for a period of time but otherwise denies the allegations in Paragraph 54.

55. Houston Methodist admits that The Markup published an article on or around June 16, 2022, referenced in footnote 15 of Paragraph 53, concerning the Metal Pixel. Paragraph 55 summarizes allegations from The Markup article, which speaks for itself and to which no response is required. To the extent a response is deemed necessary, Houston Methodist admits that it used the Meta Pixel on houstonmethodist.org for a period of time but otherwise denies the allegations in Paragraph 55.

56. Houston Methodist admits that The Markup published an article on or around June 16, 2022, referenced in footnote 15 of Paragraph 53, concerning the Metal Pixel. Paragraph 56 summarizes allegations from The Markup article, which speaks for itself and to which no response is required. To the extent a response is deemed necessary, Houston Methodist admits that it used the Meta Pixel on houstonmethodist.org for a period of time but otherwise denies the allegations in Paragraph 56.

57. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 and on that basis, denies the allegations in Paragraph 57.

58. Houston Methodist denies the allegations in Paragraph 58 on the basis that it consists of legal conclusions to which no response is required. Moreover, Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 and on that basis, denies the allegations in Paragraph 58.

59. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 and on that basis, denies the allegations in Paragraph 59.

60. Houston Methodist denies the allegations in Paragraph 60.

61. Houston Methodist denies Paragraph 61 on the basis that it consists of legal conclusions to which no response is required.

62. Houston Methodist denies Paragraph 62 on the basis that it consists of legal conclusions to which no response is required.

63. Houston Methodist states that the contents of its website houstonmethodist.org speak for themselves. Houston Methodist admits, as of the date of this Answer, that its Notice of Privacy Practices found at https://www.houstonmethodist.org/privacy-notice/ states: "We are required, by law, to keep your identifiable health information private[.]"

64. Houston Methodist states that the contents of its website houstonmethodist.org speak for themselves. Houston Methodist admits that, as of the date of this Answer, its Notice of Privacy Practices found at https://www.houstonmethodist.org/privacy-notice/ states: "The following information describes how we are permitted, or required by law, to use and disclose your health information. Not every use or disclosure in a category will be listed." Houston Methodist further admits that the subheadings that follow in its Notice of Privacy Practice are Treatment, Payment, Health Care Operations, As Required By Law, among other subheadings.

65. Houston Methodist denies the allegations in Paragraph 65.

66. Houston Methodist states that the contents of its website houstonmethodist.org speak for themselves. Houston Methodist admits that, as of the date of this Answer, its Notice of Privacy Practices found at https://www.houstonmethodist.org/privacy-notice/ states: "Electronic Disclosures: Houston Methodist creates, receives, maintains, and in some instances, discloses your protected health information in an electronic format. We will obtain your written authorization prior to electronically disclosing your protected health information for any reason other than treatment, payment, health care operations or as otherwise authorized or required by law."

67. Houston Methodist denies Paragraph 67 on the basis that it consists of legal conclusions to which no response is required.

68. Houston Methodist denies Paragraph 68 on the basis that it consists of legal conclusions to which no response is required.

69. Houston Methodist denies Paragraph 69 on the basis that it consists of legal conclusions to which no response is required.

70. Houston Methodist denies Paragraph 70 on the basis that it consists of legal conclusions to which no response is required.

71. Houston Methodist denies Paragraph 71 on the basis that it consists of legal conclusions to which no response is required.

72. Houston Methodist denies Paragraph 72 on the basis that it consists of legal conclusions to which no response is required.

73. Houston Methodist denies Paragraph 73 on the basis that it consists of legal conclusions to which no response is required.

74. Houston Methodist denies Paragraph 74 on the basis that it consists of legal conclusions to which no response is required.

75. Houston Methodist denies Paragraph 75 on the basis that it consists of legal conclusions to which no response is required.

76. Houston Methodist denies Paragraph 76 on the basis that it consists of legal conclusions to which no response is required.

77. Houston Methodist denies Paragraph 77 on the basis that it consists of legal conclusions to which no response is required. Moreover, to the extent that Paragraph 77 purports to quote a Bulletin from the Office of Civil Rights, the Bulletin speaks for itself and no response is required.

78. Houston Methodist denies Paragraph 78 on the basis that it consists of legal conclusions to which no response is required. Moreover, to the extent that Paragraph 78 purports to quote a Bulletin from the Office of Civil Rights, the Bulletin speaks for itself and no response is required.

79. Houston Methodist denies Paragraph 79 on the basis that it consists of legal conclusions to which no response is required. Moreover, to the extent that Paragraph 79 purports to quote a Bulletin from the Office of Civil Rights, the Bulletin speaks for itself and no response is required.

80. Houston Methodist denies Paragraph 80 on the basis that it consists of legal conclusions to which no response is required. Moreover, to the extent that Paragraph 80 purports to quote a Bulletin from the Office of Civil Rights, the Bulletin speaks for itself and no response is required.

81. Houston Methodist denies Paragraph 81 on the basis that it consists of legal conclusions to which no response is required. Moreover, to the extent that Paragraph 81 purports to quote a Bulletin from the Office of Civil Rights, the Bulletin speaks for itself and no response is required.

82. Houston Methodist denies Paragraph 82 on the basis that it consists of legal conclusions to which no response is required. Moreover, to the extent that Paragraph 82 purports to quote a Bulletin from the Office of Civil Rights, the Bulletin speaks for itself and no response is required.

83. Houston Methodist denies Paragraph 83 on the basis that it consists of legal conclusions to which no response is required. Moreover, to the extent that Paragraph 83 purports to quote a Bulletin from the Office of Civil Rights, the Bulletin speaks for itself and no response is required.

84. Houston Methodist denies Paragraph 84 on the basis that it consists of legal conclusions to which no response is required. Moreover, to the extent that Paragraph 84 purports to quote a Bulletin from the Office of Civil Rights, the Bulletin speaks for itself and no response is required.

85. Houston Methodist denies Paragraph 85 on the basis that it consists of legal conclusions to which no response is required. Moreover, to the extent that Paragraph 85 purports to quote a Bulletin from the Office of Civil Rights, the Bulletin speaks for itself and no response is required.

86. Houston Methodist denies Paragraph 86 on the basis that it consists of legal conclusions to which no response is required.

87. Houston Methodist denies Paragraph 87 on the basis that it consists of legal conclusions to which no response is required. Moreover, to the extent that Paragraph 87 purports to quote from the Federal Trade Commission, the statements speak for themselves and no response is required.

88. Houston Methodist denies Paragraph 88 on the basis that it consists of legal conclusions to which no response is required. Moreover, to the extent that Paragraph 88 purports to quote from the Federal Trade Commission or Department of Health and Human Services, the statements speak for themselves and no response is required.

89. Houston Methodist denies Paragraph 89 on the basis that it consists of legal conclusions to which no response is required. Moreover, to the extent that Paragraph 89 purports to quote from the Federal Trade Commission, the statements speak for themselves and no response is required.

90. Houston Methodist denies Paragraph 90 on the basis that it consists of legal conclusions to which no response is required. Moreover, to the extent that Paragraph 90 purports to quote from the Federal Trade Commission, the statements speak for themselves and no response is required.

91. Houston Methodist denies Paragraph 91 on the basis that it consists of legal conclusions to which no response is required. Moreover, to the extent that Paragraph 91 purports to quote from the Federal Trade Commission, the statements speak for themselves and no response is required.

92. Houston Methodist denies Paragraph 92 on the basis that it consists of legal conclusions to which no response is required.

93. Houston Methodist admits that medical providers and hospitals owe a duty of confidentiality to their patients but otherwise denies the allegations in Paragraph 93.

94. Houston Methodist admits that the American Medical Association publishes a Code of Medical Ethics that includes provisions on confidentiality, and notes that the Code of Medical Ethics speaks for itself and no response is required.

95. Paragraph 95 purports to quote from The American Medical Association's Code of Medical Ethics Opinion 3.1.1, which speaks for itself and to which no response is required.

96. Paragraph 96 purports to quote from The American Medical Association's Code of Medical Ethics Opinion 3.2.4, which speaks for itself and to which no response is required.

97. Paragraph 97 purports to quote from The American Medical Association's Code of Medical Ethics Opinion 3.3.2, which speaks for itself and to which no response is required.

98. Houston Methodist admits that the purpose of its limited use of the Meta Pixel was as a marketing tool. Houston Methodist otherwise denies all allegations of Paragraph 98.

99. Houston Methodist denies Paragraph 99.

100. Houston Methodist denies Paragraph 100.

101. Houston Methodist denies Paragraph 101 on the basis that it consists of legal conclusions to which no response is required.

102. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 and on that basis, denies the allegations in Paragraph 102. Houston Methodist further denies Paragraph 102 on the basis that it consists of legal conclusions to which no response is required.

103. Houston Methodist denies Paragraph 103 on the basis that it consists of legal conclusions to which no response is required.

104. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104 and on that basis, denies the allegations in Paragraph 104.

105. Houston Methodist denies that its website houstonmethodist.org was used by Plaintiffs to renew prescriptions or obtain a history of lab results. Otherwise, Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105 and on that basis, denies the allegations in Paragraph 105. Moreover, Houston Methodist denies Paragraph 105 on the basis that it consists of legal conclusions to which no response is required.

106. Houston Methodist denies Paragraph 106.

107. Houston Methodist denies Paragraph 107.

108. Houston Methodist denies Paragraph 108, including on the basis that it consists of legal conclusions to which no response is required.

109. Houston Methodist denies Paragraph 109 on the basis that it consists of legal conclusions to which no response is required.

110. Houston Methodist denies Paragraph 110 on the basis that it consists of legal conclusions to which no response is required. Moreover, Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 110 and on that basis, denies the allegations in Paragraph 110.

111. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 111 and on that basis, denies the allegations in Paragraph 111.

112. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 112 and on that basis, denies the allegations in Paragraph 112.

113. Houston Methodist denies Paragraph 113 on the basis that it consists of legal conclusions to which no response is required. Moreover, Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113 and on that basis, denies the allegations in Paragraph 113.

114. Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 114 and on that basis, denies the allegations in Paragraph 114.

115. Houston Methodist denies that Plaintiffs use its website houstonmethodist.org to receive and discuss medical diagnoses and treatments from their healthcare providers, receive and view lab results, receive and view medical records, receive and view medication changes, and review their appointment history. Otherwise, Houston Methodist lacks personal knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115 and on that basis, denies the allegations in Paragraph 115.

116. Houston Methodist denies Paragraph 116 on the basis that it consists of legal conclusions to which no response is required.

117. Houston Methodist denies Paragraph 117 on the basis that it consists of legal conclusions to which no response is required.

118. Houston Methodist denies Paragraph 118 on the basis that it consists of legal conclusions to which no response is required.

119. Houston Methodist denies Paragraph 119 on the basis that it consists of legal conclusions to which no response is required.

120. Houston Methodist denies Paragraph 120 on the basis that it consists of legal conclusions to which no response is required.

121. Houston Methodist denies Paragraph 121 on the basis that it consists of legal conclusions to which no response is required.

122. Houston Methodist denies Paragraph 122 on the basis that it consists of legal conclusions to which no response is required.

123. Houston Methodist denies Paragraph 123 on the basis that it consists of legal conclusions to which no response is required.

124. Houston Methodist denies Paragraph 124 on the basis that it consists of legal conclusions to which no response is required.

125. Houston Methodist denies Paragraph 125 on the basis that it consists of legal conclusions to which no response is required.

126. Houston Methodist denies Paragraph 126 on the basis that it consists of legal conclusions to which no response is required.

127. Houston Methodist denies Paragraph 127 on the basis that it consists of legal conclusions to which no response is required.

128. Houston Methodist denies Paragraph 128 on the basis that it consists of legal conclusions to which no response is required.

129. Houston Methodist denies Paragraph 129 on the basis that it consists of legal conclusions to which no response is required.

130. Houston Methodist denies Paragraph 130 on the basis that it consists of legal conclusions to which no response is required.

131. Houston Methodist denies Paragraph 131 on the basis that it consists of legal conclusions to which no response is required.

132. Houston Methodist denies Paragraph 132 on the basis that it consists of legal conclusions to which no response is required.

133. Houston Methodist denies Paragraph 133 on the basis that it consists of legal conclusions to which no response is required.

134. Houston Methodist denies Paragraph 134 on the basis that it consists of legal conclusions to which no response is required.

135. Houston Methodist denies Paragraph 135 on the basis that it consists of legal conclusions to which no response is required.

136. Houston Methodist denies Paragraph 136 on the basis that it consists of legal conclusions to which no response is required.

137. Houston Methodist denies Paragraph 137 on the basis that it consists of legal conclusions to which no response is required.

138. Plaintiffs' Invasion of Privacy Claim has been dismissed pursuant to the Court's June 6, 2024 Order, ECF No. 28, and thus no response is required to Paragraph 138. If a response is deemed necessary, Houston Methodist denies Paragraph 138 on the basis that it consists of legal conclusions to which no response is required.

139. Plaintiffs' Invasion of Privacy Claim has been dismissed pursuant to the Court's June 6, 2024 Order, ECF No. 28, and thus no response is required to Paragraph 139. If a response

is deemed necessary, Houston Methodist denies Paragraph 139 on the basis that it consists of legal conclusions to which no response is required.

140. Plaintiffs' Invasion of Privacy Claim has been dismissed pursuant to the Court's June 6, 2024 Order, ECF No. 28, and thus no response is required to Paragraph 140. If a response is deemed necessary, Houston Methodist denies Paragraph 140 on the basis that it consists of legal conclusions to which no response is required.

141. Plaintiffs' Invasion of Privacy Claim has been dismissed pursuant to the Court's June 6, 2024 Order, ECF No. 28, and thus no response is required to Paragraph 141. If a response is deemed necessary, Houston Methodist denies Paragraph 141 on the basis that it consists of legal conclusions to which no response is required.

142. Plaintiffs' Invasion of Privacy Claim has been dismissed pursuant to the Court's June 6, 2024 Order, ECF No. 28, and thus no response is required to Paragraph 142. If a response is deemed necessary, Houston Methodist denies Paragraph 142 on the basis that it consists of legal conclusions to which no response is required.

143. Plaintiffs' Invasion of Privacy Claim has been dismissed pursuant to the Court's June 6, 2024 Order, ECF No. 28, and thus no response is required to Paragraph 143. If a response is deemed necessary, Houston Methodist denies Paragraph 143 on the basis that it consists of legal conclusions to which no response is required.

144. Plaintiffs' Invasion of Privacy Claim has been dismissed pursuant to the Court's June 6, 2024 Order, ECF No. 28, and thus no response is required to Paragraph 144. If a response is deemed necessary, Houston Methodist denies Paragraph 144 on the basis that it consists of legal conclusions to which no response is required.

145. Plaintiffs' Invasion of Privacy Claim has been dismissed pursuant to the Court's June 6, 2024 Order, ECF No. 28, and thus no response is required to Paragraph 145. If a response is deemed necessary, Houston Methodist denies Paragraph 145 on the basis that it consists of legal conclusions to which no response is required.

146. Plaintiffs' Invasion of Privacy Claim has been dismissed pursuant to the Court's June 6, 2024 Order, ECF No. 28, and thus no response is required to Paragraph 146. If a response is deemed necessary, Houston Methodist denies Paragraph 146 on the basis that it consists of legal conclusions to which no response is required.

147. Plaintiffs' Invasion of Privacy Claim has been dismissed pursuant to the Court's June 6, 2024 Order, ECF No. 28, and thus no response is required to Paragraph 147. If a response is deemed necessary, Houston Methodist denies Paragraph 147 on the basis that it consists of legal conclusions to which no response is required.

148. Plaintiffs' Invasion of Privacy Claim has been dismissed pursuant to the Court's June 6, 2024 Order, ECF No. 28, and thus no response is required to Paragraph 148. If a response is deemed necessary, Houston Methodist denies Paragraph 148 on the basis that it consists of legal conclusions to which no response is required.

149. Plaintiffs' Invasion of Privacy Claim has been dismissed pursuant to the Court's June 6, 2024 Order, ECF No. 28, and thus no response is required to Paragraph 149. If a response is deemed necessary, Houston Methodist denies Paragraph 149 on the basis that it consists of legal conclusions to which no response is required.

150. Plaintiffs' Invasion of Privacy Claim has been dismissed pursuant to the Court's June 6, 2024 Order, ECF No. 28, and thus no response is required to Paragraph 150. If a response

is deemed necessary, Houston Methodist denies Paragraph 150 on the basis that it consists of legal conclusions to which no response is required.

151. Plaintiffs' Invasion of Privacy Claim has been dismissed pursuant to the Court's June 6, 2024 Order, ECF No. 28, and thus no response is required to Paragraph 151. If a response is deemed necessary, Houston Methodist denies Paragraph 151 on the basis that it consists of legal conclusions to which no response is required.

152. Plaintiffs' Invasion of Privacy Claim has been dismissed pursuant to the Court's June 6, 2024 Order, ECF No. 28, and thus no response is required to Paragraph 152. If a response is deemed necessary, Houston Methodist denies Paragraph 152 on the basis that it consists of legal conclusions to which no response is required.

153. Plaintiffs' Invasion of Privacy Claim has been dismissed pursuant to the Court's June 6, 2024 Order, ECF No. 28, and thus no response is required to Paragraph 153. If a response is deemed necessary, Houston Methodist denies Paragraph 153 on the basis that it consists of legal conclusions to which no response is required.

154. Houston Methodist denies Paragraph 154 on the basis that it consists of legal conclusions to which no response is required.

155. Houston Methodist denies Paragraph 155 on the basis that it consists of legal conclusions to which no response is required.

156. Houston Methodist denies Paragraph 156 on the basis that it consists of legal conclusions to which no response is required.

157. Houston Methodist denies Paragraph 157 on the basis that it consists of legal conclusions to which no response is required.

158. Houston Methodist denies Paragraph 158 on the basis that it consists of legal conclusions to which no response is required.

159. Houston Methodist denies Paragraph 159 on the basis that it consists of legal conclusions to which no response is required.

160. Houston Methodist denies Paragraph 160 on the basis that it consists of legal conclusions to which no response is required.

161. Houston Methodist denies Paragraph 161 on the basis that it consists of legal conclusions to which no response is required.

162. Houston Methodist denies Paragraph 162 on the basis that it consists of legal conclusions to which no response is required.

163. Houston Methodist denies Paragraph 163 on the basis that it consists of legal conclusions to which no response is required.

164. Houston Methodist denies Paragraph 164 on the basis that it consists of legal conclusions to which no response is required.

165. Houston Methodist denies Paragraph 165 on the basis that it consists of legal conclusions to which no response is required.

166. Houston Methodist denies Paragraph 166 on the basis that it consists of legal conclusions to which no response is required.

167. Houston Methodist denies Paragraph 167 on the basis that it consists of legal conclusions to which no response is required.

168. Houston Methodist denies Paragraph 168 on the basis that it consists of legal conclusions to which no response is required.

169. Houston Methodist denies Paragraph 169 on the basis that it consists of legal conclusions to which no response is required.

170. Houston Methodist denies Paragraph 170 on the basis that it consists of legal conclusions to which no response is required.

171. Houston Methodist denies Paragraph 171 on the basis that it consists of legal conclusions to which no response is required.

172. Houston Methodist denies Paragraph 172 on the basis that it consists of legal conclusions to which no response is required.

173. Houston Methodist denies Paragraph 173 on the basis that it consists of legal conclusions to which no response is required.

174. Houston Methodist denies Paragraph 174 on the basis that it consists of legal conclusions to which no response is required.

175. Houston Methodist denies Paragraph 175 on the basis that it consists of legal conclusions to which no response is required.

176. Houston Methodist denies Paragraph 176 on the basis that it consists of legal conclusions to which no response is required.

177. Houston Methodist denies Paragraph 177 on the basis that it consists of legal conclusions to which no response is required.

178. Houston Methodist denies Paragraph 178 on the basis that it consists of legal conclusions to which no response is required.

179. Houston Methodist denies Paragraph 179 on the basis that it consists of legal conclusions to which no response is required.

180. Houston Methodist denies Paragraph 180 on the basis that it consists of legal conclusions to which no response is required.

181. Houston Methodist denies Paragraph 181 on the basis that it consists of legal conclusions to which no response is required.

182. Houston Methodist denies Paragraph 182 on the basis that it consists of legal conclusions to which no response is required.

183. Houston Methodist denies Paragraph 183 on the basis that it consists of legal conclusions to which no response is required.

184. Houston Methodist denies Paragraph 184 on the basis that it consists of legal conclusions to which no response is required.

185. Houston Methodist denies Paragraph 185 on the basis that it consists of legal conclusions to which no response is required.

186. Houston Methodist denies Paragraph 186 on the basis that it consists of legal conclusions to which no response is required.

187. Houston Methodist denies Paragraph 187 on the basis that it consists of legal conclusions to which no response is required.

188. Houston Methodist denies Paragraph 188 on the basis that it consists of legal conclusions to which no response is required.

189. Houston Methodist denies Paragraph 189 on the basis that it consists of legal conclusions to which no response is required.

190. Houston Methodist denies Paragraph 190 on the basis that it consists of legal conclusions to which no response is required.

191. Houston Methodist denies Paragraph 191 on the basis that it consists of legal conclusions to which no response is required.

192. Houston Methodist denies Paragraph 192 on the basis that it consists of legal conclusions to which no response is required.

193. Houston Methodist denies Paragraph 193 on the basis that it consists of legal conclusions to which no response is required.

194. Houston Methodist denies Paragraph 194 on the basis that it consists of legal conclusions to which no response is required.

**PRAYER FOR RELIEF**

Houston Methodist denies the "Prayer for Relief" on the basis that it consists of legal conclusions to which no response is required.

**DEMAND FOR JURY TRIAL**

Houston Methodist denies the "Jury Demand" on the basis that it consists of legal conclusions to which no response is required.

**DEFENSES**

1. To the extent that Plaintiffs and the putative class's remaining claims rely on the Department of Health and Human Services' recent guidance, that guidance goes beyond the meaning of any applicable statutes and would not apply prospectively.

2. Plaintiffs' claims and those of the putative class are barred by the doctrines of waiver and release.

3. Plaintiffs' claims and those of the putative class are barred by consent, including consent to use of Houston Methodist's website and, to the extent Plaintiffs and the putative class are Facebook or Meta users, consent to the Facebook or Meta's policies or other terms of service.

4. Plaintiffs' claims and those of the putative class are barred because Houston Methodist did not act knowingly or intentionally, but instead acted in good faith and in compliance with applicable statutes and regulations.

5. Plaintiffs' claims and those of the putative class are barred by the statute of limitations.

6. This case is improper for resolution on a class-wide basis because neither putative class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically, Plaintiffs are not adequate representatives of either purported class; their remaining claims are not typical; common questions of law or fact affecting the individual members of classes do not predominate; a class action is neither manageable nor superior; and there is no ascertainable class with a community of interest.

7. Plaintiffs' remaining claims and those of putative classes must be reduced, in whole or in part, by an appropriate set-off to the extent that Plaintiffs or the members of the putative classes owe any amount to Houston Methodist.

8. As asserted by Plaintiffs, Houston Methodist was an Electronic Communication Service Provider under the Electronic Communications Privacy Act and was acting in the ordinary course of business.

9. Plaintiffs and the putative class have suffered no actual injury or legally cognizable damages.

10. The imposition of aggregated, class-wide damages, statutory or otherwise, would be excessive and violate Houston Methodists' due process.

11. Houston Methodist no longer uses the Meta Pixel tool thus any injunctive or prospective relief would not be warranted.

## RESERVATION OF RIGHTS

Discovery is ongoing and Houston Methodist reserves the right to amend its answer or assert additional defenses as the cases progresses.

Dated: July 19, 2024

Respectfully submitted,

*/s/ R. Paul Yetter*

R. Paul Yetter
Federal Bar No. 3639
State Bar No. 22154200
pyetter@yettercoleman.com
Tracy LeRoy
Federal Bar No. 860752
State Bar No. 24062847
tleroy@yettercoleman.com
Mary E. Bracewell
Federal Bar No. 3874146
State Bar No. 24139388
mbracewell@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000

ATTORNEYS FOR DEFENDANT
THE METHODIST HOSPITAL

## CERTIFICATE OF SERVICE

I certify that on July 19, 2024, a copy of the foregoing was served via email or ECF service to all parties who have entered an appearance in this lawsuit.

*/s/ R. Paul Yetter*
R. Paul Yetter