United States District Court
Southern District of Texas
**ENTERED**
September 25, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EDWARD SWEAT, and MARIE GARZA-SWEAT individually and on behalf of a class of similarly situated individuals, | § § § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. 4:24-cv-00775 |
| HOUSTON METHODIST HOSPITAL, | § § | |
| Defendant. | § § § | |

**PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to the above-captioned case (the "Litigation"), through their respective counsel, agree that the terms and conditions of this Protective Order (the "Order") shall govern the production and handling of all documents, items, or other information exchanged by the parties and/or nonparties in this Litigation (the "Discovery Material") including, without limitation, responses to requests for production, interrogatories, requests for admissions, pleadings, exhibits, and deposition or other testimony, regardless of the medium or manner in which any such materials are generated, stored, or maintained. This includes any material produced, filed, or served by any party or nonparty during discovery in this Litigation, or any information included in any such material. The Court finds that good cause exists for entry of a protective order in this Litigation to prevent unauthorized disclosure and use of confidential information during and after the course of the Litigation.

Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. <u>**Persons/Entities Covered**</u>.   This Order is binding upon all current and future parties to this Litigation, including their subsidiaries, affiliates, successors, or assigns and their respective counsel, agents, representatives, officers, and employees and any others set forth in this

Order. This Order shall also apply to any materials produced in discovery in this Litigation by nonparties, and shall apply to parties and nonparties alike, and further provided that this Order does not limit any party or nonparty's rights with respect to its own materials that it produces in discovery in this Litigation. When conducting discovery from nonparties, the parties to this Litigation shall provide notice of the terms of this Order to such nonparties by providing a copy of this Order with the discovery requests.

      2.    <u>**Definitions**</u>. The following definitions will apply to this Order.

      a.    "Document(s)" shall have the meaning contemplated by Federal Rule of Civil Procedure 34(a)(1)(A).

      b.    "Producing Party" means any party or nonparty that produces information, documents, or electronically stored information ("ESI") in this Litigation.

      c.    "Receiving Party" means any party or nonparty that receives information, documents, or electronically stored information ("ESI") in this Litigation.

      3.    <u>**Designation of Materials**</u>. Any Producing Party may designate a document, or all or any part of a discovery response, deposition, or other material as Confidential Material (defined below) based on a good-faith belief that such materials qualify for that designation under the terms of this Order:

      a.    "Confidential Material" designation shall mean i) any information, testimony, or tangible thing produced during discovery that reveals a trade secret; (ii) confidential research, analysis, development, or commercial information, which is maintained as confidential and has not been released into the public domain (unless through unauthorized disclosure), in accordance with Federal Rule of Civil Procedure 26(c); (iii) personal information that is protected from disclosure by statute or regulation or is otherwise entitled to protection from public

disclosure; and (iv) any other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b.    "Highly Confidential Material" designation shall mean any Confidential Material that, if disclosed, is likely to cause significant competitive or commercial harm. By way of example only, Highly Confidential material may include: trade secrets; highly sensitive and non-public research or analysis; competitively sensitive customer information; non-public financial, marketing, or strategic business planning information; current or future non-public pricing information; information related to research, development, testing of, or plans for existing or proposed future products or services.

c.    The parties to this Litigation and nonparties desire to ensure the privacy of patient records and other information that the parties have determined might contain Confidential Health Information ("CHI") and agree that a Producing Party may designate CHI as Confidential Material at a minimum, and, as such, subject to the terms of this Order. The parties to this Litigation and nonparties also seek to ensure that any person who receives and stores CHI in connection with this proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any CHI and to prevent unpermitted use or disclosure of any CHI they may receive from any person in connection with this proceeding. CHI will be securely returned or destroyed pursuant to the provisions of this Order. As used in this Order, "Confidential Health Information" or "CHI" shall mean any patient health information protected by any state or federal law, including but not limited to "Protected Health Information" or "PHI" as set forth in 45 C.F.R. § 160.103.

d.    Confidential and Highly Confidential Material, respectively, shall include: (i) all copies, extracts, and complete or partial summaries prepared from such Confidential or

Highly Confidential Material; (ii) portions of deposition transcripts and exhibits thereto that contain or summarize the content of any such Confidential or Highly Confidential Material; (iii) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain or summarize the content of any such Confidential or Highly Confidential Material; (iv) written discovery responses and answers that contain or summarize the content of any such Confidential or Highly Confidential Material; and (v) deposition testimony designated in accordance with paragraph 3(e) below.

e.      Any document produced by a Producing Party may be designated as Confidential Material by marking it "CONFIDENTIAL" on the face of the document at the time of production. Any document produced by a Producing Party may be designated as Highly Confidential Material by marking it "HIGHLY CONFIDENTIAL" on the face of the document at the time of production. A Producing Party may also designate electronic documents and other non-paper media as Confidential or Highly Confidential Material, as appropriate, by (i) noting such designation in an accompanying cover letter; (ii) affixing the confidentiality designation to the material or its container, including the appropriate confidentiality designation in the load file provided with the electronic production; or (iii) including the appropriate confidentiality designation in the name of the file(s) provided with the electronic production.

f.      Testimony provided in this Litigation may be designated as Confidential Material or as Highly Confidential Material if the testimony concerns or relates to the designating party's or nonparty's Confidential or Highly Confidential Material. The party or non-party desiring to designate any portion of testimony and/or exhibits as Confidential or Highly Confidential Material may do so by stating orally on the record on the day that the testimony is being given.  If no such designation is made at the time of the deposition, any party (or a nonparty as applicable) has thirty (30) calendar days after delivery by the court reporter of the transcript of the deposition session to

designate, in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as containing Confidential or Highly Confidential Material. During the transcription and following thirty (30) calendar day period after a deposition session, the transcript and exhibits must be treated as Highly Confidential Material, unless the parties consent to less confidential treatment of the information.

g.      Notwithstanding any of the foregoing, information shall be deemed non-confidential material under this Order if it is in the public domain, or is already in the knowledge or possession of the party to whom disclosure is made through proper means and on a nonconfidential basis or is or becomes available to a party from a source rightfully in possession of such information on a nonconfidential basis.

4.      **Disclosure and Use of Confidential Material**. Unless otherwise ordered by the Court or permitted in writing by a Producing Party, Confidential Material may only be used in connection with this Litigation, and disclosure of Confidential Material may be made only to:

a.      The Court and court personnel, including assistants, clerks, law clerks, and other support staff (this category is referred to as the "Court").

b.      Outside attorneys for a party who are working on this Litigation and their employed or retained secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, jury consultants, mock jurors/focus group participants, interpreters, translators, document management services, graphics services, and similar professional services) (this category is referred to as "Outside Attorneys").

c.      In-house attorneys for a party (including their support staff) (this category is referred to as "In-House Counsel").

d.      Court reporters, court videographers, and similar transcription services and their support staff providing services in court or at depositions for the purpose of assisting the Court in this Litigation (this category is referred to as "Court Reporters").

e.      Any expert or consultant, including all nonparty personnel and support staff assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are employed, who is retained by or for the benefit of any of the parties in this Litigation to assist counsel in this Litigation, and provided that the expert or consultant has executed the agreement annexed hereto as Appendix A (this category is referred to as "Experts").

f.      Any mediators engaged by the parties or appointed by the Court, and their support staff (this category is referred to as "Mediators").

g.      Any person who authored or previously received the material. For e-mails, this provision is limited to individuals in the to, from, cc, or bee fields, and includes any attachments to an e-mail that the person received.

h.      The Producing Party's current directors, officers, employees, or outside counsel.

i.      The Producing Party's former employees, provided that the party showing the former employee the materials has a good faith reason to believe that the former employee accessed the materials in the ordinary course of business during their employment or worked on issues sufficiently related that such access would have been likely.

j.      To the extent such Confidential Material was produced by a Producing Party, any person who has been designated as a Federal Rule of Civil Procedure 30(b)(6) witness by the Producing Party.

k.      A custodian of records that has or had possession of the material or access in the ordinary course of business to the material.

l.      During the conduct of hearings, witnesses in the Litigation to whom disclosure is reasonably necessary and who have signed the agreement annexed hereto as Appendix A (this category is referred to as "Witnesses").

m.      Any other person to whom the Producing Party consents in writing or by order of the Court.

5.      **Disclosure and Use of Highly Confidential Material**. Unless otherwise ordered by the Court or permitted in writing by a Producing Party, Highly Confidential Material may only be in connection with this Litigation, and disclosure of Highly Confidential Material may be made only to the following, as defined in paragraph 4 above:

a.      The Court.

b.      Outside Attorneys.

c.      Court reporters.

d.      Experts.

e.      Mediators.

f.      Any person who authored or previously received the material. For e-mails, this provision is limited to individuals in the to, from, cc, or bee fields, and includes any attachments to an e-mail that the person received.

g.      The Producing Party's current directors, officers, employees, or outside counsel.

h.      The Producing Party's former employees, provided that the party showing the former employee the materials has a good faith reason to believe that the former employee accessed the materials in the ordinary course of business during their employment or worked on issues sufficiently related that such access would have been likely.

i.      To the extent such Confidential Material was produced by a Producing Party, any person who has been designated as a Federal Rule of Civil Procedure 30(b)(6) witness by the Producing Party.

j.      A custodian of records that has or had possession of the material or access in the ordinary course of business to the material.

k.      Witnesses.

l.      Any other person to whom the Producing Party consents in writing or by order of the Court.

6.      **Handling of Confidential Material and Highly Confidential Material**. All material designated Confidential or Highly Confidential shall remain in the possession of the attorneys who receive such material through discovery in this Litigation, and they shall not release or disclose the nature, substance, or contents thereof, except that copies of such materials may be made for the use of those assisting the attorneys to whom disclosure may be made under paragraphs 4 and 5 above, including Experts, and copies of such materials may be submitted to the Court under seal as necessary. Persons who have been shown Confidential or Highly Confidential Material pursuant to this Order and have not otherwise obtained or maintained the material in the normal course of business shall not retain copies of that material.

7.      **Inadvertent Failure to Designate as to Confidentiality**. The inadvertent failure to designate a document as Confidential or Highly Confidential will not prevent the Producing Party from designating such information as Confidential or Highly Confidential at a later date in writing, so long as the designation is done with particularity.  The inadvertent failure of a party or nonparty to designate material as Confidential or Highly Confidential at the time of the production shall also not be deemed a waiver of the protections of this Order, either as to specific information in the material or as to any other information relating thereto or on the same or related subject matter.

In the event a Producing Party late designates a document as Confidential or Highly Confidential, the document must be treated by the Receiving Party in accordance with the confidentiality designation that the Producing Party states should have been affixed to it. The Producing Party shall re-produce the information, document, paper, or other thing with the appropriate confidentiality designation unless doing so would not be feasible (as, for example, in the case of a final deposition transcript). Each Receiving Party shall replace the incorrectly designated materials with the newly designated materials, destroy the incorrectly designated materials, and treat the materials in accord with their new designation.  No party shall be deemed to have violated this Order if, prior to notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation. If material inadvertently not designated as confidential was filed with a court on the public record or otherwise disclosed before the time of the material's later designation, then the Producing Party shall be responsible for seeking appropriate relief, including return of the material.

8.      **Challenges to Designations**. A Receiving Party may challenge a Producing Party's designation of Confidential or Highly Confidential Material at any time by following the procedures below:

a.      A Receiving Party shall not be obligated to challenge the propriety at the time the designation is first made, and a failure to do so will not preclude a subsequent challenge thereto.

b.      Any Receiving Party seeking to challenge a Confidential or Highly Confidential designation may request in writing that the Producing Party change the designation. The Producing Party within fourteen (14) days after receipt of a written challenge, must advise the Receiving Party whether or not it will change the designation.

        c.      If the parties are unable to reach agreement after the expiration of this fourteen (14) day period, they shall confer.  If they cannot resolve the issue, the Receiving Party may seek an order to alter the confidential status of the designated information.

        d.      Until the presiding judge has ruled on a dispute under this paragraph, the asserted designation will remain in full force and effect, and the document continues to be protected by this Protective Order.

    **9.**    <u>**Filing Documents With the Court**</u>. If any party wishes to file with the court any affidavits, briefs, memoranda of law, or Discovery Material containing or referring to Confidential Material or Highly Confidential Material (the "Filing Party"), the Filing Party must seek to file the Confidential Material or Highly Confidential Material under seal under Fed. R. Civ. P. 5.2. To the extent necessary, the Producing Party, or any other party or non-party asserting that the filing contains Confidential Material or Highly Confidential Material, shall have the burden to substantiate the need for maintaining the records under seal, regardless of the Filing Party.  In order to avoid the sealing of records, the Filing Party may elect to redact the portions of the document that contain Confidential Material or Highly Confidential Material, which will not waive the Discovery Material's designation with respect to the redacted material.  Where the Filing Party seeks to file Discovery Material for which it is not the Producing Party, the Filing Party may redact the portions of the document that constitute Confidential Material or Highly Confidential Material with the agreement of the Producing Party that the Discovery Material may be filed in such a redacted form.  An agreement by the Producing Party that the Filing Party may file a redacted version of the Discovery Material does not waive the Discovery Material's designation with respect to the redacted material.  Where redacted Discovery Material has been filed with the court,

any party may provide un-redacted copies of the Discovery Material to the court for an in camera review without waiving the Discovery Material's designation with respect to the redacted material.

10.   **Non-Party Information**. The existence of this Protective Order must be disclosed to any person producing Discovery Material in this action who may reasonably be expected to desire confidential treatment for any such Discovery Material.  Any such person may designate Discovery Material pursuant to this Protective Order.

11.   **No Prejudice**. Producing or receiving Confidential or Highly Confidential Material, or otherwise complying with the terms of this Protective Order, including seeking a sealing order, will *not*:  **(a)** operate as an admission by any party that any particular Confidential or Highly Confidential Material contains or reflects trade secrets or any other type of confidential or proprietary information; **(b)** prejudice the rights of a party to object to the production of information **or** material that the party does not consider to be within the scope of discovery;  **(c)** prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced;  **(d)** prejudice the rights of a party to apply to the presiding judge for further protective orders; or   **(e)** prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

12.   **Other Proceedings**. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Protective Order who receives a subpoena or request for production or is subject to a motion to disclose a Producing Party's information designated as Confidential or Highly Confidential must promptly notify the Producing Party of the motion so that the Producing

Party may have an opportunity to appear and be heard on whether that information should be disclosed. Confidential and Highly Confidential Material shall not be produced in any other proceeding, or for any use other than in this Litigation, without an order compelling production from a court of competent jurisdiction or the agreement of the Producing Party.

13.   **Unauthorized Disclosure of Confidential or Highly Confidential Material.**

a.      If any person subject to this Order becomes aware that they or any other person has, either intentionally or inadvertently, disclosed Confidential or Highly Confidential Material to someone not authorized to receive such material under this Order, counsel for the party involved shall (i) as soon as is practicable notify in writing the Producing Party of the unauthorized disclosure; (ii) use best efforts to obtain the return or destruction of all copies of the protected materials; and (iii) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of the terms of this Order.

b.      The Court has jurisdiction to enforce this Order and to grant relief, as authorized by law or in equity, for any violations thereof.

14.   **Conclusion of Litigation**.    Within sixty (60) days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the Producing Party all Confidential or Highly Confidential Material, and to certify to the Producing Party that this destruction or return has been done.  However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

15.   **Modification and Relief from Protective Order.** Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time. Furthermore, nothing in this Order shall prejudice the right of the parties to stipulate (subject to Court approval) an amendment, modification, or supplement to this Order. Nothing in this Order shall preclude any party from seeking an order of the Court amending, modifying, or supplementing this Order.

Signed at Houston, Texas, this  25th day of  September  , 2024.

_____
The Honorable Lee H. Rosenthal
United States District Judge

**Appendix A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| EDWARD SWEAT, and MARIE GARZA-SWEAT individually and on behalf of a class of similarly situated individuals, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:24-cv-00775 |
| HOUSTON METHODIST HOSPITAL, | § § | |
| Defendant. | § § § | Assigned to Hon. Lee H. Rosenthal |

**CONFIDENTIALITY AGREEMENT**

I, _____, under penalty of perjury, 28 U.S.C. § 1746, that:

1.     Information, including documents and things, designated as "Confidential Material" or "Highly Confidential Material," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2.     I have been given a copy of and have read the Protective Order.

3.     I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

4.     I submit to the jurisdiction of the United States District Court for the Southern District of Texas for enforcement of the Protective Order.

5.     I agree not to use any Confidential or Highly Confidential Material disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

6.     I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

7.     I understand that I am to retain all documents or materials designated as or containing Confidential or Highly Confidential Material in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential or Highly Confidential Material are to be returned to counsel who provided me with such documents and materials.

Signed at _____, _____, this _____, day of _____, 20__.

_____